United States District Court
Southern District of Texas
**ENTERED**
August 06, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNLIMITED SERVICES, LLC,** | § | |
| *Plaintiff-Counterclaim-Defendant* | §, | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:19-CV-4414 |
| | § | |
| **ANADARKO PETROLEUM** | § | |
| **CORPORATION,** | § | |
| *Defendant-Counterclaim-Plaintiff* | § | |
| | § | |

| | | |
|---|---|---|
| **ANADARKO PETROLEUM** | § | |
| **CORPORATION,** | § | |
| *Third-Party Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **ST. PAUL MERCURY INSURANCE** | § | |
| **COMPANY; THE TRAVELERS** | § | |
| **COMPANIES** | § | |
| *Third-Party Defendants* | § | |

**MEMORANDUM AND RECOMMENDATION**

This insurance dispute arises out of an oil field accident in 2017. Pending is Third-Party Defendants St. Paul Mercury Insurance Company and The Travelers Companies' Motion to Dismiss (Document 21). Having considered the motion, the response and additional briefing, and the parties' oral argument at a hearing held on July 30, 2020, the Magistrate RECOMMENDS, for the reasons stated and explained below, that the Motion to Dismiss (Document No. 21) be DENIED.

1

I.   **Background**

   A.   The Underlying Lawsuit

On May 25, 2017, Anadarko Petroleum Corporation ("Anadarko") had two subcontractors—Unlimited Services, LLC ("Unlimited") and Energes Services, LLC ("Energes")—working at the Sekich Tank Battery work site in Weld County, Colorado. An explosion at the work site harmed two Energes employees: injuring Jose Manuel Bravo Rosales ("Bravo") and killing Oscar Lopez ("Lopez"). Mr. Bravo and his wife filed suit in state court in Weld County, Colorado against several defendants, including Unlimited. Rosa Lopez, the widow of the deceased employee, Oscar Lopez ("Lopez"), also filed suit in state court in Weld County, Colorado, against several defendants, including Unlimited. In both lawsuits, it was alleged that Unlimited was responsible, in whole or in part, for the explosion at the well site which resulted in Lopez's death and Bravo's injuries.[1]

Against the backdrop of Bravo and Lopez's state court claims, Unlimited filed suit in this Court against Anadarko, seeking a declaration that Anadarko owes it a duty to defend and indemnify under the terms of the parties' Master Service Contract ("MSC").[2] (Document 1).

   B.   The Contracts

There are two Master Service Contracts: one between Anadarko and Unlimited, and one between Anadarko and Energes.

   1.   Anadarko's Duty to Defend and Indemnify Unlimited.

Section 13(d) of the MSC between Anadarko and Unlimited states,

---

[1] Two Unlimited personnel were also injured. Their lawsuit against Energes is also currently pending in Weld County, CO.

[2] Unlimited also asserted a cause of action against Anadarko, based on the same defense and indemnity allegations, for breach of contract, and requested recovery of damages for expenses already incurred. Anadarko, in turn, countersued Unlimited for breach of contract, breach of warranty, and fraudulent misrepresentation.

> Notwithstanding anything to the contrary in the other provisions of this Agreement, Company [Anadarko] agrees to be responsible for and assume all liability for and hereby agrees to defend, release, indemnify, and hold harmless Contractor Indemnities[3] against Claims arising in connection with: (I) illness, bodily injury and/or death of Company's Personnel and Company's invitees; and/or (II) subject to Section 5, damage to or loss of property of Company, Company's Personnel, and Its and their invitees; arising in connection with this Agreement, REGARDLESS OF FAULT.

2. Energes' Duty to Defend and Indemnify Anadarko and Unlimited.

The MSC between Anadarko and Energes reciprocates the above legal language between Contractor (Unlimited/Energes) and Company (Anadarko). In §13(c), Energes agreed to "defend, release, indemnify, and hold harmless" Company Anadarko and its indemnities (Unlimited) from any claim arising from Energes' own personnel. Energes was required to obtain insurance to cover this contractual obligation, and to add Anadarko and its indemnities (Unlimited) as additional insureds. (§13(b)(5)).

3. Energes' Insurance Policies with St. Paul and Travelers

Energes obtained insurance policies with St. Paul Mercury Insurance Company and The Travelers Companies (collectively, "Travelers"). These policies have not yet been entered into the record.

**II.   Procedural History**

Anadarko filed a Third-Party Complaint seeking declaratory judgment that: (1) Anadarko is an additional insured under Energes' insurance policy, and (2) clarifies whether Energes'

---

[3] *Contractor Indemnities* means "[Unlimited], its co-venturers, if any, and its and their officers, directors, insurers and [Unlimited]'s Personnel." (MSC §13(a)(3)).

insurance policy with Travelers meets Energes' obligations under the MSC.[4] (Document 25 at 10-11).

Travelers filed a 12(b)(1) Motion to Dismiss (Document 21) for lack of subject-matter jurisdiction. Specifically, Travelers argues that Anadarko does not yet have standing to sue the insurers because Energes' contractual obligation has not yet been established by a final judicial decision, and the claim is therefore barred by the no-direct-action rule and ripeness doctrine.[5] Anadarko filed an Opposition to the Motion to Dismiss. (Document 25). Travelers filed a Reply in Support of Their Motion to Dismiss. (Document 26). Finally, Energes' filed a Motion to Intervene to contest its alleged contractual liability to Anadarko (Document 29), which motion was granted. As was made clear during the oral argument on July 30, 2020, Travelers believes that duty-to-indemnify claims must be brought against Energes and are not currently justiciable against its insurers. Anadarko responds that the claim is actually a question of contract construction, which is an immediate and actual controversy within an interested party's rights to be heard.

---

[4] Anadarko's filings suggest it is also seeking declaratory judgment that Travelers owes a duty to indemnify and defend Anadarko and Unlimited. To the extent these filings create this impression, Anadarko denied this prayer for relief in oral argument and offered to amend if necessary. The court thus limits this recommendation to Anadarko's standing for questions of construction.

[5] Functionally, "the [two] doctrines often overlap in practice." *Texas v. United States*, 497 F.3d 491, 496 (5th Cir. 2007); *cf. Auzenne v. Great Lakes Reinsurance, PLC*, 497 S.W.3d 35, 37–38 (Tex. App. 2016) ("The no-direct-action rule pertains to standing because there is no justiciable controversy until the liability of the insured has been established. But the need for a determination of liability before bringing a direct action against an insurer, while often referred to as a standing issue, is more appropriately characterized and analyzed as ripeness.") (internal citations omitted).

**III.     Analysis**

The no-direct-action rule establishes that "a third-party claimant cannot sue an insurer unless its insured has a judgment imposing a legal obligation to pay the injured party damages, or the insured has agreed to that obligation." *Fireman's Fund Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. CIV.A. H-12-3237, 2014 WL 1247895, at *4 (S.D. Tex. Mar. 25, 2014). When seeking liability based on the insurer's obligation to cover the insured's liabilities, a plaintiff's potential status as an additional insured "does not negate the applicability of the general [no-direct-action] rule." *Oh. Cas. Ins. Co. v. Time Warner Entm't Co., L.P.*, 244 S.W.3d 885, 889 (Tex. App. 2008); *see also Spih Tyler, LLC v. Liberty Mut. Ins. Co.*, No. 3:17-CV-1292-L, 2018 WL 4003314, at *3 (N.D. Tex. Aug. 17, 2018) ("Accordingly, Spih's allegation that it was designated as an 'additional insured' is quite beside the point.").

The no-direct action rule does not apply here.  Anadarko is seeking a different kind of relief than the above cases. In all these cases, the plaintiff sought to enforce the insurer's *duty to indemnify or pay*. In Anadarko's case, it only seeks court interpretation of Energes' insurance policy with Travelers and its relationship with the MSC between Energes and Anadarko. Unlike cases that prematurely establish the defendant's liability, questions of "[c]onstruction and validity of contracts are the most obvious and common uses of the declaratory judgment action." *Trinity Universal Ins. Co. v. Sweatt*, 978 S.W.2d 267, 271 (Tex. App. 1998).

Anadarko cites *Foust v. Ranger Ins. Co.*, 975 S.W.2d 329, 332 (Tex. App. 1998), to support the appropriateness of relief that defines the limits and terms of a policy:

> "The judgment *does not state that Ranger will have to pay* Lindeman the limits of the policy, it *simply defines those limits*. Further, there is no need for there to be a determination of liability in the underlying suit before a determination can be made regarding whether the *terms* of the insurance policy at issue contemplate a single occurrence or multiple occurrences when a crop dusting airplane makes several passes over a target area and stops to reload while performing a job.

> *Therefore, the resolution of the issue in this case is not based on hypotheticals or contingencies."*

(emphasis added). Similarly, in *WH Cleaners*, the party seeking declaratory relief sought clarification on whether the plaintiff was an additional insured, and the legal validity of a pollution exclusion. *Transportation Ins. Co. v. WH Cleaners, Inc.*, 372 S.W.3d 223, 228-29 (Tex. App. 2012). Anadarko seeks declaratory judgment that it is an additional insured under the insurance policy and clarification whether Energes' insurance policy with Travelers meets its obligations under the MSC.[6] (Document 25 at 10-11). *WH Cleaners* held that Texas law permits "any person interested under a 'written contract' to seek a declaration to resolve questions related to the construction or validity of that contract." *WH Cleaners*, 372 S.W.3d at 230 (citing TEX. CIV. PRAC. & REM.CODE ANN. § 37.004(a)(West)). Because the undersigned concludes that Anadarko is seeking a declaration to resolve questions related to the construction and validity of contracts, neither the no-direct action rule nor the ripeness doctrine precludes the claim.

## IV.    Conclusion

As a party interested under the written contracts (MSC and insurance policies), Anadarko has a right to seek court judgment interpreting these contracts. Questions of construction, unlike judgments that establish liability, are not subject to the no-direct-action rule. Therefore, the Magistrate Judge

RECOMMENDS the Travelers' Motion to Dismiss (Document No. 21) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

---

[6] The MSC required each party to obtain general liability insurance, "including coverage for contractual liability for those liabilities assumed by the Party herein." (Document 9, Exs. A & B, at 13). Travelers contests that "contractual liability coverage only applies to the named insured." (Document 21 at 8 n.3). In effect, Travelers argues it has no obligation to cover Anadarko's contractual liability to Unlimited because Anadarko is not a named insured.

parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed R. Civ. P. 72(b). Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 6th day of August, 2020.

Frances H. Stacy
United States Magistrate Judge